# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                   Case No. 8:08-cv-403-T-30MAP

**FRITZNER SIMON,**

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff United States of America's Motion for Summary Judgment (Dkt. 14). Defendant Simon did not file a response. Upon consideration, the Court finds that the motion should be granted.

### Background

This action was brought on behalf of the Federal Communications Commission (FCC) to collect an administrative penalty imposed against Defendant Fritzner Simon for broadcasting a radio transmission in violation of the Communications Act 47 U.S.C. §301 ("the Act") on at least one occasion in 2003.

On March 5, 2003, FCC agents received a complaint about an unlicensed radio station being operated on 102.1 MHz. The agents conducted mobile monitoring during which they discovered an unknown and unlicensed radio station being broadcast at 102.1 MHz. The agents positively identified the source to a ground plane antenna mounted to a pole on top

of a two story building located at 1719 Columbus Drive, Tampa, FL. A coaxial cable ran from the antenna into the window of a room on the second floor of the building.

The agents took a field strength measurement of the station's signal at a distance of 0.6 miles from the source. The measurements were extrapolated to 144,679 microvolts per meter (µV/m), well over the permissible level of 250 µV/m at three meters for non-licensed low power radio transmissions.

The agents inspected the station and found a radio transmitter in operation. Defendant Simon was inside the building and admitted to the agents that he operated the station with his brother. The agents gave Simon verbal and written warnings against engaging in unlicensed radio broadcasts. Simon voluntarily surrendered the radio transmitter to the agents that day.

On August 21, 2003, while conducting routine monitoring, the FCC agents detected an unlicensed broadcast at 87.9 MHz operating from a room on the second floor of a building located at 4206 Nebraska Avenue, Tampa, FL. The agents saw a cable coming down from an antenna mounted in a tree and going into the residence through a window on the second floor. Field strength measurements revealed that the station's signal was in excess of permissible limits. The station operated continuously for more than an hour in contravention of 47 C.F.R. §15.209, 15.231, which restricts low-powered transmitters on 87.9 MHz to periodic operations.

The agents attempted to inspect the station. However, no one answered the knocks on the front or back doors of the building. The agents observed someone peering out of the

second story window. The agents later determined that a vehicle in the driveway was owned by Simon and his brother.

On September 10, 2003, the agents met with the owner of the building at 4206 Nebraska Avenue. Upon being shown a photograph, the owner identified Simon as the person using the space on the second floor where the cable entered the property.

Based on these two instances, the FCC issued a Notice of Apparent Liability and Forfeiture ("NAL") in the amount of $10,000 to Simon for willfully and repeatedly violating §301 of the Act. Simon filed a response to the NAL admitting the first violation in March, 2003, but claiming to have "no idea" who transmitted the second illegal broadcast in August, 2003. He admitted to owning the car parked in the driveway during the second broadcast, but contended that his wife was using the car that day.

On September 10, 2004, the FCC issued its Forfeiture Order, finding that Simon willfully violated the Act by operating illegal broadcast radio station on March 5, 2003. The FCC also found that Simon had offered nothing in his response to the NAL that warranted reduction or cancellation of the $10,000 civil forfeiture penalty. In light of Simon's admission and the willful nature of the March 5, 2003 violation, the FCC stated that it need not address the finding of an additional violation on August 21, 2003. The order further explained that a $10,000 forfeiture is standard for a single instance of unauthorized broadcasting.

This government now brings this action to collect the unpaid forfeiture amount. Defendant Simon has filed an answer to the complaint admitting that he was operating an

unlicenced radio station on March 5, 2003. As to the second broadcast in August of 2003, Simon simply states, "I have no comments."

**Motion for Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the non-moving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

**Discussion**

The Communications Act grants exclusive licensing authority regarding the use of broadcasting frequencies for radio and television stations. In re Beach Television Partners, 38 F.3d 535, 536 (11th Cir. 1994) (citing 47 U.S.C. §307). Section 301 provides that no person shall operate any apparatus for the transmission of communications by radio from one place in any state to another place in the same state without a license from the FCC. 47 U.S.C. §301; FCC v. National Citizens Comm. for Broad., 436 U.S. 775, 780 (1978).

Section 503 of the Act grants authority to the FCC to issue forfeiture penalties against any person who "willfully or repeatedly" violates the Act. 47 U.S.C. §503(b). In the context of the Act, a willful violation requires only that the violator knew he was doing the act, irrespective of any intent to violate the Act. 47 U.S.C. §312(f)(1). Here, Simon's admission

of the March 2003 broadcast in his answer to the complaint is enough to satisfy the willfulness requirement.

The Commission's Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines ("Forfeiture Policy Statement") sets the base forfeiture amount at $10,000 for unlicensed operation of an amateur radio station by a member of the public. 12 F.C.C.R. 17087, 17112 (1997). In assessing the forfeiture amount, the statutory factors set forth in section 503(b)(2)(E) must be taken into account. The factors include the nature, circumstances, extent, and gravity of the violations, as well as the violator's culpability, history of prior offenses, ability to pay, and other such matters as justice may require. 47 U.S.C. §503(b)(2)(E). See also Forfeiture Policy Statement, 12 F.C.C.R. at 17100-17101 (discussion of upward and downward adjustment factors). Therefore, the $10,000 penalty is generally imposed for a single violation of the Act if the factors so warrant.

In response to the NAL, Simon admitted to at least one violation of the Act. He offered nothing to show that the standard penalty should be reduced in either his response to the NAL or his answer to the complaint at issue here. Whether Simon was involved in the illegal broadcast in August 2003 is immaterial as it would not lower the forfeiture amount. The Court finds that the FCC took into account the requisite statutory facts when issuing the Forfeiture Order.

It is therefore ORDERED AND ADJUDGED that:

1. The Government's Motion for Summary Judgment (Dkt. 14) is **GRANTED**.

2. The Clerk is directed to enter judgment in favor Plaintiff United States of America and against Defendant Fritzner Simon in the amount of $10,000.

3. The Clerk is also directed to close this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2009.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-403.msj FCC forfeiture.frm